B 255 (I l/91)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
In re:                                               Chapter 11
ALLWAYS EAST TRANSPORTATION, INC.,       Case No. 16-22589 (RDD)

          Debtor.                                    :         **RULE 2004 SUBPOENA**

To:     Lori Jackman
         P.O. Box 734
         Croton Falls, New York 10519

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| DelBello Donnellan Weingarten Wise & Wiederkehr, LLP<br>One North Lexington Ave., 11th Floor<br>White Plains, New York 10601 | **September    , 2016 at 10:00 a.m**. or such other date as the deposition may adjourn to |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects (see attached Schedule "A") at the place, date, and time specified on attached Schedule:

| PLACE | DATE AND TIME |
|---|---|
| DelBello Donnellan Weingarten Wise & Wiederkehr, LLP<br>One North Lexington Ave., 11th Floor<br>White Plains, New York 10601 | **September    , 2016 at 12:00 p.m**. or such other date as document production may adjourn to |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed. R. Bankr. P.

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

n/a

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _____<br>Jonathan S. Pasternak, Attorney for Allways East Transportation, Inc. | August ___, 2016 |

| ISSUING OFFICER 'S NAME, ADDRESS AND PHONE NUMBER | DATE |
|---|---|
| DelBello Donnellan Weingarten Wise & Wiederkehr, LLP<br>One North Lexington Ave., 11th Floor<br>White Plains, New York 10601<br>(914) 681-0200 | August ___, 2016 |

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on_____     _____
                DATE                                          SIGNATURE OF SERVER

                                                                           _____
                                                                           ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c)&(d) made applicable in cases under the
Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c)PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)A party or an attorney responsible for the issuance and service of a subpoena shah take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena
was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney 's fee.

(2)(A)A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving, the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying
commanded.

(3)(A)On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)fails to allow reasonable time for compliance; (ii)requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(BXiii)of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii)requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv)subjects a person to undue burden.

(B)If a subpoena

(i)requires disclosure of a trade secret orotherconfidential research, development, or commercial information, or (ii)requires disclosure of an unretained expert 's opinion or information not describing specific events or occurrences in dispute and resulting from the expert 's study made not at the request of any party, or (iii)requires a person who is not a party or an officer of a patty to incur substantial expense to travel mere that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the patty in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may
order appearance or production only upon specified conditions.

(d)DUTIES IN RESPONDING TO SUBPOENA.
(1)A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the
documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE "A" TO RULE 2004 SUBPOENA

**INSTRUCTIONS:**

1. This First Request for Production of Documents is submitted pursuant to Bankruptcy Rule 2004 and is not to be construed as waiving any subsequent document request(s).
2. Unless otherwise specified, the documents to be produced pursuant to this request shall include all documents created or used by or for the Debtor, including, but not limited to, any third party entities, related entities, subsidiaries, successors or predecessors to the date hereof.
3. This First Request For Production of Documents shall be deemed continuing, and you are required to produce in the form of supplementary document production any document requested herein that is unavailable to you at the time of the production called for but which becomes available to you or to any of your agents or representatives until the conclusion of the proceeding herein.
4. In producing the requested documents, you are required to produce all documents within the possession, custody or control of any of your family, friends, employers, third party financial institutions, officers, directors, employees, managers, agents, attorneys, accountants, consultants, representatives, or any other party who upon your request would surrender possession, custody or control to you.
5. You are required to produce the requested documents in the manner they are maintained in the usual course, or organized and labeled to correspond with categories in the requests.
6. In producing the documents called for by this request, you are requested to identify the documents produced according to the number or numbers of the request herein to which they relate.
7. With respect to any document withheld from projection based on a claim of privilege, immunity or other basis, you should provide the following information: (a) the date of the document; (b) the title of the document; (c) the type of document; (d) the name of its author(s) or preparer(s); (e) the name of each person to whom the document was addressed or sent or who received, viewed or has custody of the document together with their employer and job title (f) the general subject matter of the document (g) the number of pages; and (g) the claim of privilege under which the document is withheld.

8. If you object to the request or any part of the request you should state the objection and specify the ground(s) for the objection.
9. These requests are continuing in nature and require the supplemental production of documents if, after producing the requested documents you obtain or discover additional responsive documents. Such supplemental production of documents should be served within twenty (20) days after you discover or learn of the existence of such additional responsive documents.
10. Unless stated otherwise in a particular request, the request is seeking documents existing during the period January 1, 2011 to the present.

**DEFINITIONS:**

1. **As used herein, the term "Debtor" means** Allways East Transportation, Inc., any predecessors or successor in interest, any affiliates and subsidiaries, all trade names, and any present or former employee, agent, attorney, accountant or other person entity or corporation acting under the control or on behalf of Allways East Transportation, Inc.
2. **As used herein, the term "Document" means** any written, typed, printed, recorded, photographic or graphic matter or sound reproduction no matter how produced, recorded, stored or reproduced, and includes the original and any copies, except identical copies, regardless of origin and location, of any letter, memorandum, telegram, cable, telex, report, record, tapes, study, handwritten notes, work paper, chart, graph, sketch, drawing, photograph, index, date sheet, accounts, ledgers, books, statements, drafts, agreements, contracts, diaries, journals, minutes of meetings, records of telephone conversations, logs, manuals, calendars, government forms, email, computer or data processing input or outputs or printouts, microfilms and recordings of whatever nature to which deponent has or had or now has access.
3. **As used herein, the term "Relevant Period" means** from January 1, 2011 to the present.

# SCHEDULE OF DOCUMENTS TO BE PRODUCED

**Definitions:**

1. "Debtor" shall mean Allways East Transportation, Inc.

**Document to Be Produced:**

1. All of the books and records of the Debtor.

2. All of the Debtor's state, federal and city tax returns for the years 2011 through 2016, including 1120s, 940s, 941s, W-2's, 1099's and sale tax returns and including any and all draft returns, accountants' work papers, notes, memos, correspondence, filing receipts, analyses, calculation and/or back up documentation..

3. All of the Debtor's general ledgers from 2011 through the present in electronic form.

4. All documents, whether electronic or otherwise, which are property of the Debtor, including, but not limited to, documents relating to the Debtor, its employees, it customers, or the Debtor's business operations in any capacity.

5. All information concerning the Debtor's accounts payable and accounts receivable from 2011 – present, including, but not limited to, bills and invoices.

6. All computer files, passcodes, passwords, logins, passwords, user ID's, software, and any other computer data relating to the Debtor.

7. All information concerning the Debtor's QuickBooks programs.

8. All information concerning the Debtor's PayPayl account, including, but not limited to, logins, passwords, and user ID's.