DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                 Chapter 11

ALLWAYS EAST TRANSPORTATION INC.  Case No. 16-22589 (RDD)

        Debtor.
------------------------------------------------------------X

**STIPULATION AND ORDER PROVIDING FOR ASSUMPTION OF MASTER LEASE AGREEMENT WITH NATIONS FUND I, LLC**

**RECITALS:**

  A. On April 28, 2016 (the "Filing Date"), Allways East Transportation Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for reorganization under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor has retained possession of its assets and is authorized thereby, as a Debtor-in-Possession, to continue the operation and management of its business. The Debtor provides school bus and transportation services to private and public school districts throughout Westchester and Dutchess counties as well as to the counties directly. No trustee, examiner or statutory committee has been appointed heretofore.

  B. On or about June 25, 2013, the Debtor entered into a Master Lease Agreement

Stipulation re Lease Assumption_Allways

(the "Master Lease Agreement") with Nations Fund I, LLC, formerly known as Nations Fund I, Inc. ("Nations Fund") whereby Nations Fund agreed to lease to the Debtor certain vehicles (the "Buses") pursuant to certain Equipment Schedules, including Equipment Schedule ALLEAST-0001, as amended and supplemented from time to time; Equipment Schedule ALLEAST-0002, as amended and supplemented from time to time; Amended and Restated Equipment Schedule ALLEASTIN-0004A, as amended and supplemented from time to time; and Equipment Schedule ALLEAST-0005, as amended and supplemented from time to time (together, the "Prepetition Equipment Schedules"). The regularly scheduled, base contractual monthly rent due to Nations Fund under the Master Lease Agreement totals $95,822.40, except for the monthly payment for August and September, which have no required payment. Such amount does not include any other amounts to which Nations Fund may be entitled under the Master Lease Agreement. A copy of the Master Lease Agreement, including the Prepetition Equipment Schedules, is attached hereto as Exhibit A.

C. The use of the Buses is essential to the continued operation of Debtor's business and the Debtor desires to assume the Master Lease Agreement pursuant to section 365(a) of the U.S. Bankruptcy Code. The Debtor, however, does not have sufficient funds to cure the arrearages under the Master Lease Agreement, which total $601,418.84 (the "Cure Amount"). Debtor and Nations Fund have reached an agreement as described herein, in which upon assumption of the Master Lease Agreement, the Debtor will pay the Cure Amount over the remaining life of the Master Lease Agreement.

D. In lieu of the Debtor curing all defaults, or providing adequate assurance that it will promptly cure all defaults, that have occurred under the Master Lease Agreement upon the

assumption of the Master Lease Agreement, the parties have agreed to enter into the Amendment to the Master Lease Agreement, a copy of which is attached hereto as Exhibit B (the "Master Lease Agreement Amendment", in order to extend the term of the Master Lease Agreement, as well as permit the Debtor to pay the Cure Amount over the extended Master Lease Agreement time period, among other things.

E. Specifically, pursuant to the Master Lease Agreement Amendment, the Prepetition Equipment Schedules will be combined into one equipment schedule (the "Revised Equipment Schedule") and payments of rent by the Debtor will be extended to March 15, 2021. The Cure Amount associated with the assumption of the lease will be included in the Debtor's monthly payment contained in the Revised Equipment Schedule. The Debtor's monthly payment will be reduced from $95,822.40 under the current Master Lease Agreement, to $62,257.69 under the Master Lease Agreement Amendment, plus sales tax. As with the current Master Lease Agreement, the Debtor will not be required to pay rent during the months of August and September.

F. Additionally, pursuant to this Stipulation and Order, Nations Fund has agreed to purchase, for the use of the Debtor, a computer to enable the Debtor to repair certain of the Buses (the "Computer") at a cost of no greater than $10,000.00 and the Debtor agrees to return the Computer to Nations Fund within five (5) Business Days of termination of the Master Lease Agreement, as amended.

G. The Debtor and Nations Fund seek entry of this Stipulation and Order pursuant to sections 105(a) and 365(a) authorizing the assumption of the Master Lease Agreement pursuant to the terms contained herein.

H.  The Debtor has determined in the exercise of its business judgment that entering into this Stipulation and Order is in the best interests of the Debtor, its estate and all creditors and parties in interest.

I.  The Stipulation has been negotiated in good faith, is fair and reasonable under the circumstances and is in the best interests of the Debtor, its creditors and its estate at large.

Now, in consideration of the above stated premises:

**IT HEREBY IS STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES**, that:

1. The above recitals are incorporated herein as agreed and so-ordered.

2. This Court has jurisdiction over this case, these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334. This is a "core" proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §1408.

3. The Debtor is authorized to assume the Master Lease Agreement, and the Master Lease Agreement is hereby deemed assumed pursuant to section 365(a) of the Bankruptcy Code, effective upon entry by the Debtor and Nations Fund into the Master Lease Agreement Amendment.

4. The Master Lease Agreement includes any modification, amendment, addenda and/or supplements thereto and/or restatements thereof and/or any ancillary documents or agreements related thereto, including the Master Lease Agreement Amendment.

5. Upon entry into the Master Lease Agreement Amendment, there shall be no pre-petition defaults that preclude assumption under the Master Lease Agreement, and the Debtor shall have been deemed to have satisfied all of their pre-petition obligations under section

365(b)(1) of the Bankruptcy Code with respect to the Master Lease Agreement.

6. The assumption of the Master Lease Agreement is an exercise of the Debtor's sound business judgment and is in the best interest of the Debtor and its estate.

7. The Debtor is hereby authorized to execute all documentation reasonably necessary to assume the Master Lease Agreement.

8. The Debtor is hereby authorized to pay its obligations under the Master Lease Agreement Amendment in accordance with the relevant terms of the Master Lease Agreement Amendment, without further order of this court.

9. This Stipulation and Order shall inure to the benefit of and shall be binding on Nations Fund, Debtor, and their respective successors in interests and assigns.

10. Notwithstanding the possible applicability of any Bankruptcy Rule, the terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry.

11. This Stipulation and Order may be signed in counterparts and by facsimile, with each signed counterpart being deemed a part of the original document.

12. The provisions of this Stipulation and Order shall remain in full force and effect, unless modified or vacated by subsequent order of this Court with the consent of Nations Fund and the Debtor. If any or all of the provisions of this Stipulation are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority or benefit, or application of payment authorized hereby with respect to any indebtedness of the Debtor to Nations Fund.

13. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Stipulation.

| | |
|---|---|
| Dated: November 8, 2016<br>White Plains, New York | Dated: November 8, 2016<br>New York, New York |
| DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP<br>*Attorneys for the Debtor*<br>One North Lexington Avenue, 11th Floor<br>White Plains, New York 10601<br>(914) 681-0200 | CHAPMAN AND CUTLER, LLP<br>Attorneys for Nations Fund I, Inc.<br>1270 Avenue of the Americas<br>New York, New York 10020<br>(212) 655-2512 |
| By: */s/ Erica Feynman Aisner*<br>Erica Feynman Aisner, Esq. | By: */s/ Steven Wilamowsky*<br>Steven Wilamowsky, Esq. |

**SO ORDERED THIS
22nd DAY OF NOVEMBER, 2016**


/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE