DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Erica Feynman Aisner, Esq.
Julie Cvek Curley, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

                                                                  Chapter 11

ALLWAYS EAST TRANSPORTATION INC,     Case No. 16-22589(RDD)

                     Debtor.
------------------------------------------------------------------------X

## NOTICE AND REPORT OF AUCTION SALE

- Auction Date:         February 15, 2017

- Auction Location:    DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
  One North Lexington Avenue, 11th Floor
  White Plains, New York 10601

- Assets Sold & Prices:

  (i) Dutchess County Contract and Merchants Vehicles - $1,425,000.00
  (ii) Purchase Order for Rye Routes - $5,000.00
  (iii) Advantage Vehicles - $537,600.00
  (iv) Marc Motors - $227,000.00
  (v) Owned Vehicles - $320,964.00
  (vi) Assumption of Nations Lease - $5,000.00

- Net To Estate After Satisfying Lease/Cure/Assumption/Secured Vehicle Claims: $464,104.72

     1.     Pursuant to Court Order dated January 12, 2017 and entered on January 13, 2017 approving, among other things, the sale of the Debtor's assets free and clear of all liens, claims and encumbrances, at public auction ("Auction"), the procedures for such auction ("Bidding

Procedures"), the form and manner of the Auction sale notice; the scheduling of an auction and sale hearing; the scheduling of certain deadlines; and the procedures for determining cure costs [ECF No. 190] ("Sale Procedures Order"), the above-referenced debtor and debtor-in-possession, Allways East Transportation Inc. (the "Debtor") engaged in a sale process to sell all of the Debtor's right, title and interest in and to, (i) its performance contracts and purchase orders (the "Contracts"), (ii) all personal property including, but not limited to all office furniture, fixtures and equipment and all parts inventory and garage equipment, vehicles, whether operational or not, and any other equipment required for performance under the Contracts, wherever situate, and (iii) all proprietary information, trade names, trade styles, licenses, intellectual property, telephone numbers, websites and all other intangible property and good will of any kind ((i) through (iii) collectively, the "Assets").

2. The local school bus industry is a small one and even outside this local environment, the Debtor's competitors and synergistic partners have not only been aware of this Chapter 11 case but have been monitoring it both formally and informally. Given these facts, the Debtor provided notice of the Auction by serving the Sale Procedures Order via first class mail which informed all potential bidders of the pending Auction. The Debtor is confident that this notice was more than sufficient based upon the number of parties who expressed interest, signed Non-Disclosure Agreements and engaged in due diligence, who were not provided formal notice.

3. Under the Letter of Intent ("LOI") executed on December 19, 2016 by CTG Logistics, Inc. ("CTG"), CTG's offer was subject to entering into an asset purchase agreement no later than February 5, 2017. CTG never entered into an asset purchase agreement. CTG also never placed the down payment required under the LOI. Therefore, under the express terms of the Sale Procedures Order, CTG was not a Qualified Bidder (as that term is defined therein).

4. On February 15, 2017, an auction was conducted at DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, counsel for the Debtor, One North Lexington Avenue, 11th Floor, White Plains, New York 10601 before a court reporter.

5. There were 5 registered bidders (collectively, the "Bidders") present at the Auction, all of whom were represented by counsel:

   a. MAT Bus Corp. ("MAT");
   b. We Business Management, Inc. ("WE");
   c. Logan Bus Co., Inc. ("Logan");
   d. Phoenix Transportation Services Inc. ("Phoenix"); and
   e. Advantage Funding Commercial Capital Corp. ("Advantage").

CTG did not appear, attend or participate at the Auction.

6. All Bidders, separately, represented on the record at the Auction that (i) they understood the Auction terms and procedures and that they had no objections or questions, (ii) regarding their bids, they had not engaged in any collusive activities with any other parties, (iii) no side agreements were entered into with any other third parties regarding the sale of the Assets, and (iii) no Bidders had any connection whatsoever with the Debtor, its members, shareholders, officers, managers, or directors, other than (a) Phoenix, in which the Debtor's vice-president, Marlaina Koller, has a partial ownership interest, and (b) Marlaina Koller and MAT entered into a Consulting Agreement and Non-Compete in connection with the Round 1 Bid discussed below.

7. The Auction commenced at approximately 12:25 p.m. following a reading into the record of the terms and conditions of the Auction. The Assets were auctioned in twelve (12) rounds, first by Contract, then by Vehicles, those being the only Assets that bidders expressed interest in bidding.

a. <u>Round 1 – Dutchess County Contract and Merchants Automotive Group, Inc. ("Merchants") leased Vehicles</u>: Round 1 of the Auction was spirited and after several rounds of bidding, the bid of MAT in the amount of $1,425,000.00 for the Dutchess County Contract and purchase of the Merchants Vehicles, with the following contingencies: (i) Dutchess County approval of MAT as assignee of the contract, (ii) the confirmation of one year extension (renewal) of the Dutchess County Contract through 2018, and (iii) approximately 150 of the Debtor's employees currently servicing the Contract to commence working for MAT, was determined by the Debtor[1] to be the highest and best bid for those assets which will enable the estate to realize, after satisfying Merchants' lease and DIP loan claims *in full*, a net benefit of $129,516.88. The bid of WE in the amount of $1,400,000.00 with the following contingencies: (i) Dutchess County approval of MAT as assignee of the contract, and (ii) the confirmation of one year extension (renewal) of the Dutchess County Contract through 2018, was determined by the Debtor to be the next highest and best bid and was reserved as the backup bid.

b. <u>Round 2 – Westchester County Contract</u>: No offers were received for this asset and it was not sold.

c. <u>Round 3 – Yeshiva Purchase Orders</u>: No offers were received for this asset and it was not sold.

d. <u>Round 4 – Rye Purchase Orders</u>: The only offer received for this asset was $5,000.00 from Phoenix, which was determined by the Debtor[2] to be the highest and best bid for that asset.

e. <u>Round 5 – Fishkill Lease</u>: No offers were received for this asset and it was not sold.[3]

f. <u>Round 6 – Advantage Vehicles</u>: Round 6 of the Auction was spirited and the Advantage vehicles were sold in three (3) lots:

   i. One (1) 2012 Ford Coach, VIN ending in 0577: Phoenix bid in the amount of $30,000, which was determined by the Debtor to be the highest and best bid for that asset.

   ii. Fifteen (15) Chevrolet and Ford Vehicles, VINs ending in 5613, 1709, 0111, 0047, 0038, 0040, 0037, 0043, 0041, 0042, 0046, 0044, 0045, 0072, 0077: Logan bid in the amount of $352,500.00, with representations by the

---

[1] Since the MAT bid contemplated a consulting agreement with Marlaina Koller, Ms. Koller was not a part of the decision as to the highest and best bid in Round 1 – that decision was made solely by Debtor's counsel.
[2] See footnote 1.
[3] As a result, the Debtor hereby withdraws its motion seeking to approve a new lease with the Fishkill landlord currently pending before the Court.

Debtor that the vehicles: (i) would be transferred with the DOT stickers, (ii) keys, (iii) registrations, and (iv) picked up at the Yonkers facility on March 1, 2017, which was determined by the Debtor to be the highest and best bid for those assets.

iii. Seven (7) Ford Vehicles, VINs ending in 0777, 6054, 5999, 5571, 5612, 3075, and 2838: Advantage credit-bid pursuant to 11 U.S.C. Section 363 (k) in the amount of $155,100.00, leaving a deficiency claim against the estate in the amount of $59,027.74, which was determined by the Debtor to be the highest and best bid for those assets.

Logan also agreed in connection with their bids on the Advantage vehicles to a payment to the Debtor's estate in the amount of $2,500.00.

g. <u>Round 7 – Marc Motors, Inc. Vehicles</u>: The only offer received for this asset was $227,000.00 from Phoenix for the purchase of all five (5) leases of the vehicles, which bid was determined by the Debtor[4] to be the highest and best bid for that asset. This bid will result a net benefit to the Debtor's estate in the amount of $1,123.84.

h. <u>Round 8 – Debtor Owned Vehicles</u>[5]: Round 8 of the Auction was spirited and the Debtor's owned vehicles were sold in three (3) lots:

i. Fifty-three (53) vehicles, VINS ending in 1718, 7976, 6643, 8403, 5609, 2488, 2199, 6193, 5607, 6534, 5604, 5605, 5605, 5608, 1762, 1694, 2985, 1746, 3912, 3121, 3833, 3771, 6649, 4405, 4058, 2119, 9024, 4772, 6672, 2417, 2759, 2890, 4711, 1414, 2336, 5694, 3837, 3759, 2577, 5159, 6548, 9297, 9298, 8885, 3006, 9576, 9606, 9371, 8078, 9465, 8182, and 9575: Logan bid in the amount of $111,964, with representations by the Debtor that the vehicles have not been "stripped for parts", which the Debtor determined to be the highest and best bid for those assets.

ii. Eighteen (18) vehicles, VINS ending in 5717, 9902, 0513, 1730, 9593, 0578, 0511, 0633, 9928, 0205, 5962, 6279, 9370, 8181, 3654, 0750, 0449, and 9951: Phoenix bid in the amount of $66,000, which the Debtor[6] determined to be the highest and best bid for those assets.

iii. Ten (10) vehicles, VINS ending in 0076, 0073, 0551, 5532, 0589, 0107, 0182, 5318, 0408, and 0212: Logan bid in the amount of $143,000, which the Debtor determined to be the highest and best bid for those assets.

---

[4] See footnote 1.
[5] As a result of the satisfaction of the Merchants DIP loan claim in Round 1, subject to closing, the Debtor Owned Vehicles will no longer be subject to any liens or secured claims.
[6] See footnote 1

5

These sales will result in a net benefit to the estate of $320,964.00.

    i. <u>Round 9 – Fleet Financing Resources, LLC Leased Vehicles</u>: No offers were received for this asset and it was not sold.

    j. <u>Round 10 – Freedom Financial Consulting, Inc. Leased Vehicles</u>: No offers were received for this asset and it was not sold.

    k. <u>Round 11 – Noonan Leasing LLC Vehicles</u>: The only offer received for this asset was $42,000.00 from Phoenix for two vehicles, VINS ending in 7167 and 1671, subsequent to the auction it was determined that the bid was in an amount insufficient to convey title. As such, the Debtor[7] was forced to reject this bid.

    l. <u>Round 12 – Nations Fund I, LLC Vehicles</u>: The only offer received for this asset was offer from Phoenix in the amount of $5,000.00 for the assignment of the Nations Lease[8]. Accordingly, this bid was determined by the Debtor[9] to be the highest and best bid for that asset.

8. Following the Auction, the deposit of the successful Bidders and the successful Round 1 Back-Up Bidder were retained and are currently held in escrow by Debtor's counsel.

Dated: White Plains, New York
February 16, 2017

    DELBELLO DONNELLAN WEINGARTEN
    WISE & WIEDERKEHR, LLP
    *Attorneys for the Debtor*
    One North Lexington Avenue
    White Plains, New York 10601
    (914) 681-0200

    By: */s/ Jonathan S. Pasternak*
        Jonathan S. Pasternak

---

[7] See footnote 1.
[8] The Nations Fund lease was previously assumed by the Debtor pursuant to previous Court order.
[9] See footnote 1.