WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Room 1006  
New York, NY 10014  
Tel. (212) 510-0500  
By:    Andrea B. Schwartz, Esq.  
       Benjamin J. Higgins, Esq.  
       Trial Attorneys

<u>Hearing Date and Time:</u>  
December 7, 2017, at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------X  
In re                                                                :         Chapter 11  
                                                                :  
ALLWAYS EAST TRANSPORTATION, INC.,    :         Case No. 16-22589 (RDD)  
                                                                :  
                                    Debtor.          :  
------------------------------------------------------------------X

## UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 1112(b), FOR AN ORDER: <u>CONVERTING THIS CASE TO A CASE UNDER CHAPTER 7</u>

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

       William K. Harrington, the United States Trustee for Region 2, respectfully submits this motion, pursuant to 11 U.S.C. § 1112(b), for an order converting this case to a case under Chapter 7. In support, the U.S. Trustee respectfully states:

### INTRODUCTION

       There are no fewer than five bases upon which the Court may find cause to convert, and should convert, this case to a case under Chapter 7. Here, the Debtor acknowledges that it has failed to pay post-petition taxes, and that its post-petition tax liability exceeds $2.6 million. Not only have taxes remained unpaid, but in late

June 2017, former employees of the Debtor claimed that monies that the Debtor withheld from their paychecks for the purported purpose of paying taxes and other governmental fees, in fact, had not been remitted to the appropriate agencies on their behalf. The Debtor's failure to properly discharge its fiduciary duties by failing to remit trust funds to the appropriate taxing authorities was further bolstered by New York State last month when it filed a claim asserting unpaid, post-petition unemployment insurance fees in excess of $650,000.00. These facts constitute cause for conversion under 11 U.S.C. § 1112(b)(4)(I).

The failure to remit trust fund taxes withheld from employees' paychecks alone also supports conversion on the grounds of gross mismanagement under 11 U.S.C. § 1112(b)(4)(B). In addition, the Debtor's monthly operating reports also reveal evidence of gross mismanagement in the form of numerous and excessive cash withdrawals (*e.g.* $40,000.00 – 1/19/17) and multiple suspect Paypal transactions, including for "Playstation," and other vendors such as Apple Itunes, GetRentToOwn.com, Outdoor Dogs, clothing stores on Ebay, including kelliesells and puertosells, and Amazon.

Cause to convert also exists under 11 U.S.C. § 1112(b)(4)(A) because, in the 20 months that the Debtor has been in Chapter 11, it has failed to propose a plan of reorganization. And, since it sold substantially all of its assets, there is no reasonable likelihood of rehabilitation. Additionally, cause to convert exits under 11 U.S.C. §§ 1112(b)(4)(F) and (K) because the Debtor has failed to file monthly

operating reports for periods since June 30, 2017, and the Debtor is delinquent in the payment of statutory fees.

The facts and circumstances here plainly support the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104. However, given that the Debtor has sold all of its assets, conversion to Chapter 7 and the appointment of a Chapter 7 trustee is the more appropriate vehicle by which the Court can ensure a complete investigation into the Debtor's wholesale failure to discharge its fiduciary duties. In addition, a Chapter 7 trustee can bring actions or seek such other relief as may appropriate for the benefit of creditors. Respectfully, cause exits to convert to chapter 7 and conversion is in the best interests of creditors and the estate.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate is 11 U.S.C. § 1112(b). The Motion is initiated pursuant to Fed. R. Bankr. P. 1017.

## FACTS

*The Chapter 11 Case*

3.      On April 28, 2016, the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF No. 1.

4.      The Debtor owned and operated a fleet of approximately 300 buses and other transport vehicles that provided transportation services for public and private

schools, from pre-K age through college, as well as for Westchester and Dutchess county. Declaration of Marlaina Koller Pursuant to Local Bankruptcy Rule 1007-2 in Support of Debtor's Chapter 11 Petition, at ¶ 5. ECF No. 24.

5. On September 6, 2016, the Court fixed October 17, 2016, as the last day to file general unsecured proofs of claim against the Debtor, and October 25, 2016, for governmental units to file claims. ECF No. 128.

6. On February 27, 2017, the Court authorized the Debtor's sale of substantially all of its assets. ECF No. 235. Upon information and belief, the Debtor's counsel is holding approximately $800,000.00 in sale proceeds in escrow.

7. On March 27, 2017, the Court set the administrative claim bar date as April 28, 2017. ECF No. 264.

8. On March 29, 2017, the Court amended the administrative claim bar date to be May 12, 2017. ECF No. 266.

9. On April 25, 2017, the Court entered an order approving the Debtor's sale of its de minimus assets. ECF No. 275.

***The Employee Letters***

10. At the end of June 2017, former employees of the Debtor began filing letters stating they they believed there were improprieties concerning the Debtors' payroll. *See* ECF Nos. 300-304, 306, 308, 310-11, and 318-20. Among other things, the employees claimed that wage deductions made by the Debtor did not appear to have been credited by the corresponding governmental agencies for income taxes, unemployment insurance and social security benefits. *Id.*

11. At least one proof of claim filed in this case, namely, the claim filed by the State of New York Department of Labor, Unemployment Insurance Division, in the amount of $664,083.00 for the post-petition period, appears to support the employees' claims. *See* Claim No. 239-1.

12. A review of the monthly operating reports appears to reflect that the Debtor paid its payroll and withheld taxes. *See* Monthly Operating Reports for the periods from March 1, 2017 through June 30, 2017, ECF Nos. 314-317.

13. However, upon information and belief, including a review of the proofs of claim filed by the taxing authorities, it appears that some, if not all of the allegations made by the employees may be true. *See, e.g.,* Court's Claims Registry, Claim No. 239 filed by the State of New York, Department of Labor (4th Amended Claim), for unpaid unemployment insurance contributions in the amount of approximately $660,000.00 for the post-petition period of April 29, 2016, through February 28, 2017.

14. The Debtor acknowledges that it has failed to pay post-petition taxes, and that its post-petition tax liability exceeds $2.6 million. *See* Monthly Operating Report for period ending June 30, 2017, at 22. ECF No. 317.

15. Additionally, a review of the monthly operating reports and the attached bank statements reveals excessive withdrawals, questionable charges, and numerous Paypal transactions. For example, the Monthly Operating Report for the period ending January 31, 2017, shows unexplained large cash withdrawals, for $40,000.00 and $22,000, on January 19, 2017 and January 20, 2017, respectively.

*See* January 2017 MOR at 8. ECF No. 268. In addition, the bank statements annexed to the January 2017 MOR reflect payments to multiple suspect Paypal transactions, including for "Playstation," and other vendors such as Apple Itunes, GetRentToOwn.com, Outdoor Dogs, clothing stores on Ebay, including kelliesells and puertosells, and Amazon. *Id.* at 17-19.

16. Similar payments to these and other vendors that appear to have nothing to do with the operation of a bus company are found on many of the other monthly operating reports.

### *Status of the Case*

17. As of the date hereof, the Debtor, although non-operating, remains in possession of its remaining assets pursuant to 11 U.S.C. § 1107 and 1108.

18. The U.S. Trustee has not appointed an official committee of unsecured creditors due to lack of interest.

19. There has been no trustee or examiner appointed in this case.

20. A review of the docket reveals that the Debtor is delinquent in the filing of monthly operating reports, having not filed a reports for July, August or September of 2017.

21. The Debtor is delinquent in the payment of statutory fees in the amount of $650.00, which is an estimate because the Debtor has not filed the reports listed in the preceding paragraph.

22. Several motions for the payment of administrative expenses have been filed and currently scheduled to be heard on December 7, 2017. *See* ECF Nos. 249, 251, 263, 324, and 325.

## DISCUSSION

**Cause Exists to Convert this Case to a Case Under Chapter 7**

*A.    Governing Law*

Section 1112(b) of the Code directs that, on the request of a party in interest, and after notice and a hearing, the court shall, subject to exceptions set forth in sections 1112(b)(2) and 1112(c), convert a chapter 11 case to a chapter 7 case, or dismiss a case, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b). Section 1112(b)(4) contains a non-exhaustive list of examples of what constitutes cause for dismissal or conversion. The list includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "unauthorized use of cash collateral substantially harmful to 1 or more creditors," "gross mismanagement of the estate," "unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or rules related thereto," "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief," and "failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. § 1112(b)(4)(A), (B), (F), (I) and (K).

The moving party bears the burden to establish "cause" under section 1112(b) by a preponderance of the evidence. *See Faflich Assocs. v. Court Living Corp.* (*In re Court Living Corp.*), No. 96 CIV 965, 1996 WL 527333, at *2 (S.D.N.Y. Sept. 16, 1996); *In re Adbrite Corp.*, 290 B.R. 209, 214, 218 (Bankr. S.D.N.Y. 2003); *In re Pulp Finish 1 Co.*, No. 12–13774, 2013 WL 5487933, at *2 (Bankr. S.D.N.Y. Oct. 2, 2013); 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1112.04[4], at 1112–22 (16th ed. 2013)). Once cause is established, the case must be dismissed or converted unless the court specifically finds unusual circumstances that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(2). *In re Rubio*, No. 09-75163 (AST), 2011 WL 124458, at *3 (Bankr. E.D.N.Y. Jan. 13, 2011). The burden of demonstrating unusual circumstances is on the debtor. *Id.* Bankruptcy courts have broad discretion in determining whether cause exists for conversion or dismissal under section 1112(b). *See Taylor v. U.S. Trustee* (*In re Taylor*), No. 97 CIV. 5967, 1997 WL 642559, at *3 (S.D.N.Y. Oct. 16, 1997); *In re 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); *Adbrite*, 290 B.R. at 215.

Pursuant to section 1112(b)(4)(A), cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1104(b)(4)(A). Thus, to establish cause under section 1112(b)(4)(A), the moving party must establish two separate prongs: (1) that the estate is suffering a substantial or continuing loss or diminution and (2) the absence of a reasonable likelihood of rehabilitation. Section 1112(b)(4)(A) is "intended to

8

preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *In re Lizeric Realty Corp.*, 188 B.R. 499, 502 (Bankr. S.D.N.Y. 1995); *see also In re Court Living Corp.*, No. 96 CIV. 965, 1996 WL 527333, at *3 (S.D.N.Y. Sept. 16, 1996). For purposes of this analysis, the term "rehabilitation" is not synonymous with the term "reorganization," which, for purposes of chapter 11 generally, may include a liquidation. *See Adbrite*, 290 B.R. at 216. Rather, the term "rehabilitate" means" to put back in good condition; re-establish on a firm, sound basis." *In re Lizeric Realty Corp.*, 188 B.R. at 503 (quoting 5 Collier on Bankruptcy ¶ 1112.03 at 1112–19 (Lawrence P. King et al. eds., 15th ed. 1995)) (internal quotation marks omitted). Courts have found that cause exists under section 1112(b)(4)(A) when a debtor has a negative cash flow post-petition, and an inability to pay current expenses. *See Adbrite*, 290 B.R. at 215.

Pursuant to section 1112(b)(4)(B), cause includes "gross mismanagement of the estate." A debtor's post-petition failure to comply with statutory and fiduciary obligations may constitute gross mismanagement. *See In re Halal 4 U LLC*, No. 08-15216 (MG), 2010 WL 3810860, at *4 (Bankr. S.D.N.Y. Sept. 24, 2010) (finding gross mismanagement where debtor failed to submit monthly operating reports that accurately depicted debtor's income and expenses); *See In re Rondaxe Props., LLC*, No. 15-20222, 2015 WL 6956521, at *2 (Bankr. W.D.N.Y. June 30, 2015) (finding gross mismanagement were debtor failed to file monthly operating reports, failed to

9

provide federal income tax returns, failed pay quartile U.S. Trustee fees, and failed to provide other required information).

Pursuant to section 1112(b)(4)(F), cause includes an "unexcused failure to satisfy timely any filing or reporting requirement established by any rule applicable to case under [Chapter 11]." Sections 1107(a), 1106(a)(1), 704(a)(1) and (8), and the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees ("UST Operational Guidelines") require the submission of monthly financial reports by a chapter 11 debtor. 11 U.S.C. §§ 1107(a), 1106(a), 704(a)(1) and (8); UST Operational Guidelines (rev. 11/27/13). The reports required by the UST Operational Guidelines are to be filed on a monthly basis and encompass cash receipts and disbursement statements, statements of operations, a balance sheet, schedules of post-petition liabilities and a tax reconciliation statement. UST Operational Guidelines at¶ 9. The importance of timely and accurate reporting by a chapter 11 debtor should not be underestimated. *See In re Whetten*, 473 B.R. 380, 383-84 (Bankr. D. Colo. 2012) ("Monthly reports and the financial disclosure contained within them 'are the life-blood of the Chapter 11 process'.") (quoting *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991)).

B.  *Cause to Convert Exists Under § 1112(b)(4)(A)*

In the present case, both prongs of section 1112(b)(4)(A) are met. First, the Debtor's failure to pay its post-petition tax obligations will result in the accrual of interest and penalties that constitute a substantial and continuing loss to the estate. Additionally, the Debtor's monthly fee statements reveal various specious

charges and excessive withdrawals that constitute a substantial loss to the estate. Second, the Debtor has sold substantially all of its assets, and, accordingly, has no prospect of rehabilitation. *See Lizeric Realty*, 188 B.R. at 503; *Adbrite*, 290 B.R. at 215.

    C.    *Cause Exists to Convert Under § 1112(b)(4)(B)*

The Debtor's failure to pay its post-petition tax obligations coupled with its failure to file monthly operating reports and the various questionable expenses in the monthly operating reports constitutes gross mismanagement of the estate. *See Halal 4 U LLC*, 2010 WL 3810860, at *4; *See Rondaxe*, 2015 WL 6956521, at *2.

    D.    *Cause Exists to Convert Under § 1112(b)(4)(F)*

The Debtors have not filed monthly operating reports since June 2017. A debtor's failure to file required reports constitutes cause under section 1112(b)(4)(F). *See In re Ancona*, No. 14-10532 (MKV), 2016 WL 7868696, at *8 (Bankr. S.D.N.Y. Nov. 30, 2016); *Halal 4 U LLC*, 2010 WL 3810860, at *4.

    E.    *Cause Exists to Convert Under § 1112(b)(4)(I)*

The Debtor's failure to timely pay taxes owed after the petition date constitutes cause for dismissal under § 1112(b)(4)(I). *See In re Westhampton Coachworks, Ltd.*, No. 09-73008-AST, 2010 WL 5348422, at *5 (Bankr. E.D.N.Y. Dec. 21, 2010) (finding cause to convert where debtor did not demonstrate a reasonable justification for its failure to pay post-petition taxes or demonstrate that its failure to do so would be cured within a reasonable time).

F.   *Cause Exists to Convert Under § 1112(b)(4)(K)*

The Debtors are delinquent in paying the statutory fees owed under 28 U.S.C. § 1930. Failure to pay quarterly fees to the U.S. Trustee constitutes cause under section 1112(b)(4)(K). *Rondaxe*, 2015 WL 6956521, at *2.

G.   *Cause Having Been Established, Conversion is in the Best Interests of Creditors and the Estate*

The interests of creditors and the estate would best be served by conversion to a case under Chapter 7. Given that the Debtor has sold all of its assets, conversion to Chapter 7 and the appointment of a Chapter 7 trustee is the appropriate vehicle by which the Court can ensure a complete investigation into the Debtor's wholesale failure to discharge its fiduciary duties. In addition, a Chapter 7 trustee can bring actions or seek such other relief as may appropriate for the benefit of creditors.

There are several motions for allowance and payment of administrative claims scheduled for hearing on December 7, 2017. Additionally, there is at least one administrative claim filed by New York State for unpaid unemployment insurance liabilities. Moreover, the Debtor's counsel and accountant will have administrative claims as well, although they have not yet filed applications for these fees and expenses. Given the nature of the Debtor's failures to properly discharge its fiduciary duties, the Court should convert the case to a case under Chapter 7 and appoint a trustee to investigate whether additional assets may be recovered and distributed according to the Code's priority scheme.

For these reasons, the U.S. Trustee respectfully requests that the Court enter an order converting this case to a case under Chapter 7 of the Bankruptcy Code.

**CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto (i) granting the Motion; (ii) converting the cases to a case under Chapter 7, and (iii) granting such further relief as is just.

Dated:    New York, New York
             November 22, 2017

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee

By   */s/ Andrea B. Schwartz*
      Andrea B. Schwartz
      Benjamin J. Higgins
      Trial Attorneys