## Exhibit A
## T-Mobile Settlement Agreement

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
        gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Allways East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re                                                   Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,                      Case No. 16-22589 (RDD)

                        Debtor.

------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of               Adv. Pro. No. 18-08297 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

                        Plaintiff,

        v.

T-MOBILE USA, INC.,

                        Defendant.

------------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "**Agreement**") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**"), and T-Mobile USA, Inc. ("**Defendant**" and together with

the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the

matter described below:

## RECITALS

WHEREAS, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**") in the United States Bankruptcy Court for the Southern District of New York (the

"**Court**"), Case No. 16-22589 (RDD); and

WHEREAS, by Order dated December 7, 2017 [Docket No. 338], the Court converted

the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

WHEREAS, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the

Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

WHEREAS, during the 90 days before the Petition Date (the "**Preference Period**"), the

Debtor transferred $14,900 (the "**Transfers**") to the Defendant; and

WHEREAS, on December 9, 2018, the Trustee commenced the above-captioned

adversary proceeding (Adv. Pro. No. 18-08297) (the "**Adversary Proceeding**") by filing a

complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance

and recovery of the Transfers made to the Defendant; and

WHEREAS, the Defendant denies liability and asserts certain affirmative defenses; and

WHEREAS, to avoid the costs and risks of further litigation, the Parties have determined

to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth

in this Agreement.

2

### SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.      Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor,  New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the amount of $8,500  (the "**Settlement Amount**"), on or before January 25, 2019.

3.      Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases. acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers.  If the Settlement Amount is not received in good funds and/or not

3

received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.    The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.    Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.    The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.    The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

9.    The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

4

10.     After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.     This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.     No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.     This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.     This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

15.     This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: January 24, 2019
        New York, New York

HOWARD P. MAGALIFF, as Chapter 7 Trustee of the estate of ALLWAYS EAST TRANSPORTATION, INC.

_____
HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: January 4, 2019

T-MOBILE USA, INC.

By:

_____
Name: ARAM MEADE
Title: DIRECTOR, T-MOBILE USA, INC.
Address: 12920 S.E. 38th ST., BELLEVUE, WA 98006
Phone: 425-383-4442

215749463v1

6

## Exhibit B
## Ferncliff Settlement Agreement

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
      gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Always East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| ALLWAYS EAST TRANSPORTATION, INC., | Case No. 16-22589 (RDD) |
| Debtor. | |

------------------------------------------------------------------x

| | |
|---|---|
| HOWARD P. MAGALIFF, Chapter 7 Trustee of ALLWAYS EAST TRANSPORTATION, INC., | Adv. Pro. No. 18-08298 (RDD) |
| Plaintiff, | |
| v. | |
| FERNCLIFF CEMETRY ASSOCIATION, | |
| Defendant. | |

------------------------------------------------------------------x

### SETTLEMENT AGREEMENT

    This settlement agreement (the "**Agreement**") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**"), and Ferncliff Cemetery Association ("**Defendant**" and together with the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

### RECITALS

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, on or about October 2015, the Debtor transferred $13,000 (the "**Transfer**") to the Defendant; and

**WHEREAS**, on December 9, 2018, the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-08298) (the "**Adversary Proceeding**") by filing a complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance and recovery of the Transfer made to the Defendant; and

**WHEREAS**, the Defendant denies liability and asserts certain affirmative defenses; and

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

2

## SETTLEMENT

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.      Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor, New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the amount of $11,000 (the "**Settlement Amount**"), on or before February 10, 2019.

3.      Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer. If the Settlement Amount is not received in good funds and/or not

3

received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.      The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.      Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.      The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.      The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

9.      The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

4

10.    After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.    This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.    No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.    This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.    This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

15.    This Agreement may be executed in one or more counterparts, including

by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which

together constitute one and the same instrument.

Dated: January 25, 2019
      New York, New York

                 HOWARD P. MAGALIFF, as Chapter 7
                 Trustee of the estate of ALLWAYS EAST
                 TRANSPORTATION, INC.

                 HOWARD P. MAGALIFF
                 Rich Michaelson Magaliff, LLP
                 335 Madison Ave 9th Floor
                 New York , New York 10017
                 (646) 453-7854

Dated: January 28, 2019

                 FERNCLIFF CEMETERY ASSOCIATION
                 By:

                 Name: KEVIN M. BOYD
                 Title: PRESIDENT
                 Address: 280-284 Secor Road, Hartsdale, NY
                 Phone: (914) 693-4713  10530

215862977v1

6

## **Exhibit C**
## **Dave's Case Settlement Agreement**

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
      gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Allways East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| ALLWAYS EAST TRANSPORTATION, INC., | Case No. 16-22589 (RDD) |
| Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| HOWARD P. MAGALIFF, Chapter 7 Trustee of ALLWAYS EAST TRANSPORTATION, INC., | Adv. Pro. No. 18-08304 (RDD) |
| Plaintiff, | |
| v. | |
| DAVE'S CAST OF CHARACTERS, INC., | |
| Defendant. | |

-----------------------------------------------------------------x

## SETTLEMENT AGREEMENT

This settlement agreement (the "**Agreement**") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**"), and Dave's Cast of Characters, Inc. ("**Defendant**" and together with the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

## RECITALS

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, between May 1, 2013 and the Petition Date, the Debtor transferred $20,175 (the "**Transfers**") to the Defendant; and

**WHEREAS**, on December 19, 2018, the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-18304) (the "**Adversary Proceeding**") by filing a complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance and recovery of the Transfers made to the Defendant; and

**WHEREAS**, the Defendant denies liability and asserts certain affirmative defenses; and

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

2

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.    Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor, New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the amount of $5,000 (the "**Settlement Amount**"), on or before February 10, 2019.

3.    Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.    Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers. If the Settlement Amount is not received in good funds and/or not

3

received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.    The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.    Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.    The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.    The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

9.    The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

4

10.     After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.     This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.     If this Stipulation is not approved by the Bankruptcy Court the stipulation is null and void and the $5,000 Settlement Amount will be returned to Defendant.

13.     No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

14.     This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

15.     This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

5

16.    This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: January _____, 2019
    New York, New York

        HOWARD P. MAGALIFF, as Chapter 7
        Trustee of the estate of ALLWAYS EAST
        TRANSPORTATION, INC.


        HOWARD P. MAGALIFF
        Rich Michaelson Magaliff, LLP
        335 Madison Ave 9th Floor
        New York , New York 10017
        (646) 453-7854


Dated: January 28, 2019

        DAVE'S CAST OF CHARACTERS, INC.
        By:
        Name: David Zucker
        Title: Owner
        Address: 20 Cottage Place, New Rochelle, N.Y. 10801
        Phone: 914-235-7100-work
        914-447-3056 cell

215851184v1

6

16.     This Agreement may be executed in one or more counterparts, including
by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which
together constitute one and the same instrument.

Dated: January ~~February 12~~, 2019
       New York, New York

HOWARD P. MAGALIFF, as Chapter 7
Trustee of the estate of ALLWAYS EAST
TRANSPORTATION, INC.

HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: January ____, 2019

DAVE'S CAST OF CHARACTERS, INC.
By:

_____
Name:
Title:
Address:
Phone:

215851184v1

6

**Exhibit D**
**Discover Settlement Agreement**

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
    gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Allways East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re                                              Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,                 Case No. 16-22589 (RDD)

                    Debtor.

-----------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of          Adv. Pro. No. 18-08305 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

                    Plaintiff,

         v.

DISCOVER BANK,

                    Defendant.

-----------------------------------------------------------------x

## <u>SETTLEMENT AGREEMENT</u>

   This settlement agreement (the "<u>Agreement</u>") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "<u>Trustee</u>") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**"), and Discover Bank ("**Defendant**" and together with the

Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the

matter described below:

## RECITALS

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy**

**Code**") in the United States Bankruptcy Court for the Southern District of New York (the

"**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted

the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the

Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, during the period July 3, 2013 through October 19, 2015, the Trustee

alleged in the Complaint (defined below) that the Debtor transferred $20,594.07 (the

"**Transfers**") to the Defendant; and

**WHEREAS**, on December 9, 2018, the Trustee commenced the above-captioned

adversary proceeding (Adv. Pro. No. 18-08305) (the "**Adversary Proceeding**") by filing a

complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance

and recovery of the Transfers made to the Defendant; and

**WHEREAS**, the Defendant denies that certain of the payments were received and denies

liability and asserts certain affirmative defenses with respect to the remaining payments; and

2

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.    Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor, New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Bankruptcy Estate of Allways East Transportation, Inc. Case # 16-22589 Howard P. Magaliff, Chapter 7 Trustee" in the amount of $9,000 (the "**Settlement Amount**"), on or before February 20, 2019.   In the event that the Court does not approve this Agreement, the Trustee shall promptly return the Settlement Amount to the Defendant.

3.    Upon receipt of a fully executed copy of this Agreement, and subject to approval of the Court, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, including claims arising from or relating to the Transfers, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

3

4.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, including claims arising from or relating to the Transfers. If the Settlement Amount is not received in good funds and/or not received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.      The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.      Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.      The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.      The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

4

9.      The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

10.      After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to dismiss the Adversary Proceeding with prejudice, with each party to bear its own attorney's fees and expenses.

11.      This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.      No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.      This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.      This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

5

15.    This Agreement may be executed in one or more counterparts, including

by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which

together constitute one and the same instrument.

Dated: January 15, 2019
New York, New York

HOWARD P. MAGALIFF, as Chapter 7
Trustee of the estate of ALLWAYS EAST
TRANSPORTATION, INC.

HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: January 11, 2019

DISCOVER BANK
By:

Name: Joan Stoeckel
Title: VP
Address: 2500 Lake Cook Rd
Phone:

215749041v1

6

**<u>Exhibit E</u>**
**<u>Action Auto Settlement Agreement</u>**

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
           gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Allways East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                          Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,          Case No. 16-22589 (RDD)

                            Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of          Adv. Pro. No. 18-08309 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

                            Plaintiff,

           v.

ACTION AUTO MART, INC.

                            Defendant.

-------------------------------------------------------------------x

## <u>SETTLEMENT AGREEMENT</u>

       This settlement agreement (the "**<u>Agreement</u>**") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "**<u>Trustee</u>**") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**") and Action Auto Mart, Inc. ("**Defendant**" and together with the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

## RECITALS

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS,** Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, during the 90 days before the Petition Date (the "**Preference Period**"), the Debtor transferred $10,000 (the "**Transfers**") to the Defendant; and

**WHEREAS,** on December 9, 2008, the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-08309) (the "**Adversary Proceeding**") by filing a complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance and recovery of the Transfers made to the Defendant; and

**WHEREAS**, the Defendant denies liability and asserts certain affirmative defenses; and

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

2

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.      Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor, New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the aggregate amount of $5,500 (the "**Settlement Amount**"), on or before February 20, 2019, provided that an initial installment of not less than $2,750 be delivered no later than January 31, 2019.

3.      Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions,

3

suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or

relating to the Transfers.  If the Settlement Amount is not received in good funds and/or not

received on or before the deadline set forth above, the releases set forth in this paragraph shall be

null and void.

     5.     The parties acknowledge that this Agreement is a compromise of disputed

claims and that neither admits, and each expressly denies, any liability on its part.

     6.     Each person signing this Agreement represents and warrants that he/she

has been duly authorized and has the requisite authority to execute and deliver this Agreement on

behalf of such Party, to bind his or her respective principal or principals, or client or clients, to

the terms and conditions of this Agreement and to act with respect to the rights and claims that

are being altered or otherwise affected by this Agreement.

     7.     The Parties represent and acknowledge that, in executing this Agreement,

they do not rely and have not relied upon any representation or statement made by any Party or

any of their agents, shareholders, representatives or attorneys, with regards to the subject matter,

basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

     8.     The Parties further declare that, in making this Agreement, they rely

entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose

expense each shall be solely responsible) and that they have had a reasonable period of time to

consider this Agreement.

     9.     The Parties agree that each Party has reviewed this Agreement and that

each fully understands and voluntarily accepts all the provisions contained in this Agreement.

The Parties further agree that this Settlement Agreement was the product of negotiations between

4

the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

10.    After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.    This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.    No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.    This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.    This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

15.    This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: January ~~14~~ , 2019
New York, New York

HOWARD P. MAGALIFF, as Chapter 7 Trustee of the estate of ALLWAYS EAST TRANSPORTATION, INC.

HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: January _17_ , 2019

ACTION AUTO MART, INC.
By:

Name: _LAURENCE A. JACOBS_
Title: _PRES._
Address: _250 E. HARTSDALE AVE,_
_HARTSDALE NY 10530_
Phone: _(914) 341-1914_

215814972v1

6

**Exhibit F**
**Goosetown Settlement Agreement**

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
        gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Allways East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                   Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,                      Case No. 16-22589 (RDD)

                              Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of                Adv. Pro. No. 18-08314 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

                              Plaintiff,

        v.

GOOSETOWN ENTERPRISES, INC. d/b/a
GOOSETOWN COMMUNICATIONS,

                              Defendant.

-------------------------------------------------------------------x

## <u>SETTLEMENT AGREEMENT</u>

This settlement agreement (the "**<u>Agreement</u>**") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "**<u>Trustee</u>**") of the estate of Allways East

Transportation, Inc. (the "**<u>Debtor</u>**") and GOOSETOWN ENTERPRISES, INC. d/b/a

GOOSETOWN COMMUNICATIONS ("**<u>Defendant</u>**" and together with the Trustee, the

1

"**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

**RECITALS**

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, during the 90 days before the Petition Date (the "**Preference Period**"), the Debtor transferred $20,000 (the "**Transfer**") to the Defendant; and

**WHEREAS**, on or about April 4, 2017, the Defendant filed a proof of claim asserting an administrative expense claim in the amount of $19,826.16 (the "**Goosetown Claim**"), which was assigned claim number 47 on the Court's claim register.

**WHEREAS,** on December 9, 2018 the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-08314) (the "**Adversary Proceeding**") by filing a complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance and recovery of the Transfer made to the Defendant; and

**WHEREAS**, the Defendant denies liability and asserts certain affirmative defenses; and

2

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.    The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.    Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor,  New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the amount of $3,500  (the "**Settlement Amount**"), on or before February 21, 2019.

3.    Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer, (b) waives any and all claims and administrative claims against the Debtor's estate, including the Goosetown Claim, and (c) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.    Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to

3

approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer.  If the Settlement Amount is not received in good funds and/or not received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.    The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.    Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.    The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.    The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

9.    The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement.

The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

10.    After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.    This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.    No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.    This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.    This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

5

15.     This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: ~~January~~ February 12, 2019
        New York, New York

HOWARD P. MAGALIFF, as Chapter 7
Trustee of the estate of ALLWAYS EAST
TRANSPORTATION, INC.

_____
HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: ~~January~~ February 7, 2019

GOOSETOWN ENTERPRISES, INC. d/b/a
GOOSETOWN COMMUNICATIONS,
By:

_____
Name: Brian Levy
Title: VP-Finance
Address: 58 N Harrison Ave, Congers NY 10920
Phone: 845-268-7500 (x147)

215891081v1

6

**<u>Exhibit G</u>**
**<u>380 Riverdale Settlement Agreement</u>**

Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Gerard DiConza
Email: jtraurig@archerlaw.com
        gdiconza@archerlaw.com

*Special Litigation Counsel for*
*Howard P. Magaliff, Chapter 7 Trustee*
*of Always East Transportation, Inc., Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                          Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,             Case No. 16-22589 (RDD)

                          Debtor.

-------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of       Adv. Pro. No. 18-08318 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

                          Plaintiff,

                v.

380 RIVERDALE AVE, INC.,

                          Defendant.

-------------------------------------------------------------x

## <u>SETTLEMENT AGREEMENT</u>

This settlement agreement (the "<u>**Agreement**</u>") by and between Howard P.

Magaliff in his capacity as the Chapter 7 Trustee (the "<u>**Trustee**</u>") of the estate of Allways East

1

Transportation, Inc. (the "**Debtor**"), and 380 RIVERDALE AVE, INC. ("**Defendant**" and together with the Trustee, the "**Parties**") sets forth the terms upon which the Parties have agreed to settle the matter described below:

## RECITALS

**WHEREAS**, on April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No. 16-22589 (RDD); and

**WHEREAS**, by Order dated December 7, 2017 [Docket No. 338], the Court converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, Howard P. Magaliff was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and has accepted his appointment, duly qualified and is acting as the trustee; and

**WHEREAS**, after the Petition Date, the Debtor transferred $10,000 (the "**Transfer**") to the Defendant; and

**WHEREAS**, on December 10, 2018, the Trustee commenced the above-captioned adversary proceeding (Adv. Pro. No. 18-08318 (the "**Adversary Proceeding**") by filing a complaint (the "**Complaint**") against the Defendant seeking, among other things, the avoidance and recovery of the Transfer made to the Defendant; and

**WHEREAS**, the Defendant denies liability and asserts certain affirmative defenses; and

**WHEREAS**, to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes by mutual agreement on the terms and subject to the conditions set forth in this Agreement.

2

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1.      The recitals set forth above are incorporated herein by reference and form part of this Agreement.

2.      Defendant shall deliver to Archer & Greiner, P.C., special litigation counsel to the Trustee, at 630 Third Avenue, Seventh Floor, New York, New York 10017, attn: Jeffrey Traurig, Esq., an executed copy of this Agreement together with a check made payable to "Howard P. Magaliff, Chapter 7 Trustee of the estate of Allways East Transportation, Inc." in the amount of $2,000 (the "**Settlement Amount**"), on or before February 20, 2019.

3.      Upon receipt of a fully executed copy of this Agreement, Defendant hereby (a) releases, acquits and discharges the Debtor and its estate, the Trustee and his retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer, and (b) waives any right to file a claim against the Debtor's estates relating to the Settlement Amount pursuant to 11 U.S.C. § 502(h).

4.      Upon the Trustee's timely receipt of both the Settlement Amount in good funds and a fully executed copy of this Agreement (the "**Effective Date**") and subject to approval of the Court, the Trustee, on behalf of the Debtor's estate, hereby releases, acquits and discharges Defendant, its successors and assigns, of any and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfer.  If the Settlement Amount is not received in good funds and/or not

3

received on or before the deadline set forth above, the releases set forth in this paragraph shall be null and void.

5.    The parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6.    Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party, to bind his or her respective principal or principals, or client or clients, to the terms and conditions of this Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

7.    The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regards to the subject matter, basis or effect of this Agreement or otherwise, other than as specially stated in this Agreement.

8.    The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

9.    The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

4

10.     After the Effective Date, and subject to approval the Court of the Trustee's entry into the Agreement, the Trustee will file appropriate papers with the Bankruptcy Court to discontinue the Adversary Proceeding.

11.     This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12.     No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13.     This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

14.     This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of New York without regard to the conflicts of laws or principles thereof. The parties acknowledge and agree that the Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement.

[Continued on the following page]

5

15.    This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: February 5, 2019
    New York, New York

HOWARD P. MAGALIFF, as Chapter 7 Trustee of the estate of ALLWAYS EAST TRANSPORTATION, INC.

_____
HOWARD P. MAGALIFF
Rich Michaelson Magaliff, LLP
335 Madison Ave 9th Floor
New York , New York 10017
(646) 453-7854

Dated: February 14th, 2019

380 RIVERDALE AVE, INC.,
By: Nat Gambia, ESG

Name: _____
Title: _____
Address: 585 Seventh Ave
Phone: Garden City NY 11530

215904317v1

6