Archer & Greiner, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Jeffrey Traurig
Email: jtraurig@archerlaw.com

*Special Litigation Counsel for Howard P. Magaliff*
*Chapter 7 Trustee of Allways East Transportation, Inc.*

**Presentment Date and Time:** June 7, 2019 at 12:00 Noon
**Objection Deadline:** June 7, 2019 at 11:30 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re                                                              Chapter 7

ALLWAYS EAST TRANSPORTATION, INC.,                                 Case No. 16-22589 (RDD)

      Debtor.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,                                 Adv. Pro. No. 18-08295 (RDD)

      Plaintiff,
  v.

HARRAH'S ATLANTIC CITY OPERATING
COMPANY, LLC,

      Defendant.

-------------------------------------------------------------------x

HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,                                 Adv. Pro. No. 18-08296 (RDD)

      Plaintiff,
  v.

GOLDSCHMIDT & GENOVESE, LLP,

      Defendant.

-------------------------------------------------------------------x

----------------------------------------------------------------x
HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,          Adv. Pro. No. 18-08299 (RDD)

                Plaintiff,

     v.

CHASE BANK USA, N.A. and JOHN DOE CORP.
NO. 1 through JOHN DOE CORP. NO. 5 inclusive,
the names of the last five defendants being fictitious,
the true names said defendants being unknown to
plaintiff, the parties intended being those having
received, the avoidable transfers described in this
Complaint,

                Defendants.
----------------------------------------------------------------x
HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,          Adv. Pro. No. 18-08303 (RDD)

                Plaintiff,

     v.

YONKERS RACING CORPORATION d/b/a
EMPIRE CITY CASINO,

                Defendant.
----------------------------------------------------------------x
HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,          Adv. Pro. No. 18-08306 (RDD)

                Plaintiff,

     v.

EXTOIL, INC.,

                Defendant.
----------------------------------------------------------------x
HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,          Adv. Pro. No. 18-08312 (RDD)

                Plaintiff,

     v.

NADEM SAYEGH,

                Defendant.
----------------------------------------------------------------x

```
-----------------------------------------------------------------x
```
HOWARD P. MAGALIFF, Chapter 7 Trustee of　　　　　Adv. Pro. No. 18-08316 (RDD)
ALLWAYS EAST TRANSPORTATION, INC.,

　　　　　　　　　　Plaintiff,

　　　v.

CAMPANA BROS. INC. d/b/a CAMPANA
BROTHERS INC., GLOBAL COMPANIES LLC,
GLOBAL MONTELLO GROUP CORP.
d/b/a GLOBAL MONTELLO GROUP - GETTY and
ALLIANCE ENERGY LLC d/b/a ALLIANCE
ENERGY - GETTY DIVISION,

　　　　　　　　　　Defendants.
```
-----------------------------------------------------------------x
```
HOWARD P. MAGALIFF, Chapter 7 Trustee of
ALLWAYS EAST TRANSPORTATION, INC.,　　　　　Adv. Pro. No. 18-08322 (RDD)

　　　　　　　　　　Plaintiff,

　　　v.

BROADWAY ADVANCE LLC,

　　　　　　　　　　Defendant.
```
-----------------------------------------------------------------x
```

# MOTION OF HOWARD P. MAGALIFF, IN HIS
# CAPACITY AS CHAPTER 7 TRUSTEE, SEEKING AN ORDER
# AUTHORIZING ENTRY INTO AND APPROVING SETTLEMENT
# AGREEMENTS, PURSUANT TO FEDERAL RULE OF BANKRUPTCY
# PROCEDURE 9019, BETWEEN THE CHAPTER 7 TRUSTEE AND
# (A) HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC,
# (B) GOLDSCHMIDT & GENOVESE, LLP, (C) CHASE BANK USA, N.A.,
# (D) YONKERS RACING CORPORATION d/b/a EMPIRE CITY CASINO,
# (E) EXTOIL, INC., (F) NADEM SAYEGH, (G)(i) CAMPANA BROS INC.,
# (ii) GLOBAL COMPANIES, LLC, (iii) GLOBAL MONTELLO GROUP CORP.
# and (iv) ALLIANCE ENERGY LLC, AND (H) BROADWAY ADVANCE LLC

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Howard P. Magaliff, in his capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate of ALLWAYS EAST TRANSPORTATION, INC. (the "**Debtor**"), by and through his attorneys Archer & Greiner, P.C., respectfully represents as follows:

## I. Background

1. On April 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York, Case No. 16-22589 (RDD).

2. By Order dated December 7, 2017 [Docket No. 338], the Court granted the motion of the United States Trustee and converted the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code.

3. The Trustee was appointed as the chapter 7 interim trustee of the Debtor on December 12, 2017, and has accepted his appointment, duly qualified and is acting as the trustee.

## II. Jurisdiction

4. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested by this motion (the "**Motion**") is governed by Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**"). The Trustee consents to the entry of a final order by this Court.

## III. Relief Requested

5. In December 2018, the Trustee, on behalf of the Debtor's estate, commenced more than 30 adversary proceedings against recipients of transfers made by the Debtor

seeking to, *inter alia*, avoid and recover such transfers as preferences and fraudulent transfers pursuant to sections 544, 547, 548, 549 and 550 of the Bankruptcy Code (the "**Avoidance Actions**"). By this Motion, the Trustee seeks entry of an order authorizing the Trustee to enter into settlement agreements (collectively, the "**Settlement Agreements**") resolving eight of the Avoidance Actions and approval of the Settlement Agreements with the following defendants (collectively, the "**Settling Defendants**"):

a. Harrah's Atlantic City Operating Company, LLC ("**Harrah's Atlantic**");
b. Goldschmidt & Genovese, LLP ("**Goldschmidt**");
c. Chase Bank USA, N.A. ("**Chase**");
d. Yonkers Racing Corporation d/b/a Empire City Casino ("**Yonkers Racing**");
e. Extoil, Inc. ("**Extoil**");
f. Nadem Sayegh ("**Sayegh**");
g. Campana Bros. Inc. d/b/a Campana Brothers Inc. ("**Campana**"), Global Companies LLC ("**Global**"), Global Montello Group Corp. ("**Global Monetello**"), Alliance Energy LLC ("**Alliance**", and together with Global and Global Montello, the "**Global Entities**"); and
h. Broadway Advance LLC ("**Broadway**").

6. Copies of the Settlement Agreements are attached hereto as **Exhibits A - H**. Pursuant to the Settlement Agreements, the Debtor's estate will (a) recover $133,850.00, and (b) obtain the waiver of certain claims and the rights of certain of the Settling Defendants to file claims under section 502(h) for such payments. Certain of the Settling Defendants have delivered checks to the Trustee or his counsel, which checks or funds are being held by the Trustee or his counsel pending approval of the Settlement Agreements.

## IV. The Settlement Agreements[1]

### A. Harrah's Atlantic Settlement Agreement

7. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08295 by filing a complaint against Harrah's Atlantic seeking, among other things, the avoidance and recovery of transfers made in the aggregate amount of $14,527.73 (the "**Harrah's Atlantic Transfers**") that the Trustee alleges were fraudulent transfers.

8. Harrah's Atlantic filed an answer to the complaint.

9. Counsel for the Trustee and Harrah's Atlantic conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Harrah's Atlantic Transfers. Harrah's Atlantic denies liability for the avoidance of the Harrah's Atlantic Transfers and has asserted, among other things, that Harrah's Atlantic was not a transferee of the Harrah's Atlantic Transfers or that reasonably equivalent value was provided. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Harrah's Atlantic (the "**Harrah's Atlantic Settlement Agreement**"). The following are the pertinent terms of the Harrah's Atlantic Settlement Agreement:

- Payment to the Debtor's Estate of $2,100. To resolve the adversary proceeding, Harrah's Atlantic shall pay $2,100 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Harrah's Atlantic Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Harrah's Atlantic, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Harrah's Atlantic Transfers and includes a release for Harrah's Atlantic relating to facts alleged in the complaint. It also provides for a waiver by

---

[1] The summary of each of the Settlement Agreements is qualified by the respective Settlement Agreements. In the event of any conflict, the respective Settlement Agreement controls.

> Harrah's Atlantic of its right to file a claim under section 502(h) of the Bankruptcy Code.

**B. Goldschmidt Settlement Agreement**

10. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08296 by filing a complaint against Goldschmidt seeking, among other things, the avoidance and recovery of a transfer made in the amount of $15,000 (the "**Goldschmidt Transfer**") that the Trustee alleges was a fraudulent transfer.

11. On or about January 8, 2019, Goldschmidt filed an answer to the complaint.

12. Counsel for the Trustee and Goldschmidt conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Goldschmidt Transfer. Goldschmidt denies liability for the avoidance of the Goldschmidt Transfer and has asserted, among other things, that a portion of the funds were returned and that reasonably equivalent value was provided. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Goldschmidt (the "**Goldschmidt Settlement Agreement**"). The following are the pertinent terms of the Goldschmidt Settlement Agreement:

- Payment to the Debtor's Estate of $8,250. To resolve the adversary proceeding, Goldschmidt shall pay $8,250 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Goldschmidt Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Goldschmidt, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Goldschmidt Transfer. It also provides for a waiver by Goldschmidt of its right to file a claim under section 502(h) of the Bankruptcy Code.

### C. Chase Settlement Agreement

13. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08299 by filing a complaint against Chase and various John Doe Corporations seeking, among other things, the avoidance and recovery of certain transfers made to Chase in the amount of $68,241.66 (the "**Chase Transfers**") as fraudulent transfers.

14. On February 8, 2019, Chase filed an answer to the complaint, denying liability and asserting, among other things, that Chase provided value to the Debtor. Counsel for the Trustee and Chase conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Chase Transfers. The parties have agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Chase (the "**Chase Settlement Agreement**"). The following are the pertinent terms of the Chase Settlement Agreement:

- Payment to the Debtor's Estate of $20,000. To resolve the adversary proceeding, Chase shall pay $20,000 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Chase Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Chase, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities, including but not limited to claims related to the Chase Transfers. The releases by the Trustee include claims against Chase and certain Chase Related Parties (as defined in the Chase Settlement Agreement) from any and all claims that could have been asserted against Chase and the Chase Related Parties in the adversary proceeding. The Chase Settlement Agreement also provides for a waiver by Chase of its right to file a claim under section 502(h) of the Bankruptcy Code.

- Confidentiality. The Chase Settlement Agreement also contains certain confidentiality provisions, although it provides, among other things, that a copy of the Chase Settlement Agreement may be attached as an exhibit to the

motion seeking approval of the Chase Settlement Agreement.

### D. Yonkers Racing Settlement Agreement

15. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08303 by filing a complaint against Yonkers Racing seeking, among other things, the avoidance and recovery of certain transfers made in the amount of $12,377.03 (the "**Yonkers Racing Transfers**") as fraudulent transfers.

16. Counsel for the Trustee and Yonkers Racing conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Yonkers Racing Transfers. Yonkers Racing denies liability for the avoidance of the Yonkers Racing Transfers and has asserted various defenses, including denying the receipt of certain transfers and providing value. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Yonkers Racing (the "**Yonkers Racing Settlement Agreement**"). The following are the pertinent terms of the Yonkers Racing Settlement Agreement:

- Payment to the Debtor's Estate of $4,000. To resolve the adversary proceeding, Yonkers Racing shall pay $4,000 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Yonkers Racing Settlement Agreement provides for releases by the Trustee, on behalf of the Debtor's estate, of Yonkers Racing and certain affiliates and other parties (as identified in the Yonkers Racing Settlement Agreement) of all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Yonkers Racing Transfers. The Trustee does not release defenses to any liens or claims not arising from or relating to the Yonkers Racing Transfers.

> Yonkers Racing releases the Trustee of all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Yonkers Racing Transfers. Yonkers Racing also waives its right to file a claim under section 502(h) of the Bankruptcy Code.

**E. Extoil Settlement Agreement**

17. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08306 by filing a complaint against Extoil seeking, among other things, the avoidance and recovery of certain transfers made in the amount of $30,815.77 (the "**Extoil Transfers**") as preference and improper post-petition payments.

18. On February 22, 2019, Extoil filed an answer to the Complaint.

19. Counsel for the Trustee and Extoil conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Extoil Transfers. Extoil denies liability for the avoidance of the Extoil Transfers and asserted, among other things, that it provided value after the Petition Date for the post-petition transfers and that the payments were made in the ordinary course of business. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Extoil (the "Extoil Settlement Agreement"). The following are the pertinent terms of the Extoil Settlement Agreement:

- Payment to the Debtor's Estate of $7,500. To resolve the adversary proceeding, Extoil shall pay $7,500 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Extoil Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Extoil, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Extoil Transfers. It also provides for a waiver by Extoil of its right to file a claim under section 502(h) of the Bankruptcy Code.

**F. Sayegh Settlement Agreement**

20. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08312 by filing a complaint against Sayegh seeking, among other things, the avoidance and recovery of certain transfers made in the amount of $45,000 (the "**Sayegh Transfers**") as preferential transfers.

21. On January 14, 2019, Sayegh filed an answer to the Complaint.

22. Counsel for the Trustee and Sayegh conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Sayegh Transfers. Sayegh denies liability for the avoidance of the Sayegh Transfers and asserted, among other things, that it was secured. The Trustee disputes that Sayegh is protected by perfected security interests. Sayegh further asserted an inability to pay and separate legal issues impairing Sayegh's ability to make payment. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Sayegh (the "Sayegh Settlement Agreement"). The following are the pertinent terms of the Sayegh Settlement Agreement:

- Payment to the Debtor's Estate of $7,500. To resolve the adversary proceeding, Sayegh shall pay $7,500 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Sayegh Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Sayegh, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Sayegh Transfers. It also provides for a waiver by Sayegh of the right to file a claim under section 502(h) of the Bankruptcy Code.

### G. Campana/Global Settlement Agreement

23. On December 9, 2018, the Trustee commenced adversary proceeding number 18-08316 by filing a complaint against Campana seeking, among other things, the avoidance and recovery of certain transfers made in the asserted amount of approximately $160,841.94 (the "Campana/Global Transfers") as preferential transfers and improper post-petition payments.

24. On January 10, 2019, Campana filed an answer to the Complaint.

25. On March 1, 2019, the Trustee filed an amended complaint to include the Global Entities as defendants.

26. Counsel for the Trustee, Campana and the Global Entities conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Campana/Global Transfers. Campana denies liability for the avoidance of the Campana/Global Transfers and asserted, among other things, that it was an agent of one or more of the Global Entities. The Global Entities denied liability and asserted, among other things, that it would have new value and ordinary course defenses as well as other statutory defenses. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement among the Trustee, Campana and the Global Entities (the "Campana/Global Settlement Agreement"). The following are the pertinent terms of the Campana/Global Settlement Agreement:

- Payment to the Debtor's Estate of $55,000. To resolve the adversary proceeding, the Global Entities shall pay $55,000 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Campana/Global Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, on the one hand, and Campana and the Global Entities, on the other

hand, of any and all claims, damages, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Campana/Global Transfers. It also provides for a waiver by the Global Entities of their right to file a claim under section 502(h) of the Bankruptcy Code.

**H. Broadway Settlement Agreement**

27. On December 10, 2018, the Trustee commenced adversary proceeding number 18-08322 by filing a complaint against Broadway seeking, among other things, the avoidance and recovery of certain transfers made in the amount of $150,841.94 (the "**Broadway Transfers**") as preference and improper post-petition payments.

28. On January 24, 2019, Broadway filed an answer to the Complaint.

29. Counsel for the Trustee and Broadway conferred and negotiated in good faith regarding claims the Debtor's estate may have for avoidance and recovery of the Broadway Transfers. Broadway denies liability for the avoidance of the Broadway Transfers and has asserted, among other things, that the pre-petition payments were made in the ordinary course of business. Broadway also asserted that it did not receive certain of the alleged post-petition transfers. Broadway further asserted certain statutory defenses to the post-petition payments and a general inability to pay. The parties agreed to resolve and settle such matters in accordance with the terms set forth in the settlement agreement between the Trustee and Broadway (the "Broadway Settlement Agreement"). The following are the pertinent terms of the Broadway Settlement Agreement:

- Payment to the Debtor's Estate of $29,500. To resolve the adversary proceeding, Broadway shall pay $29,500 to the Trustee on behalf of the Debtor's estate.

- Waiver and Release of Claims. The Broadway Settlement Agreement provides for general mutual releases by the Trustee, on behalf of the Debtor's estate, and Broadway, of any and all claims, damages, suits, causes of action, rights,

liens, demands, obligations and/or liabilities arising from or relating to the Broadway Transfers. It also provides for a waiver by Broadway of any claims and administrative expenses, including its right to file a claim under section 502(h) of the Bankruptcy Code.

## V. Argument

### A. Applicable Legal Standards

30. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is (a) fair and equitable and (b) in the best interests of the debtor's estate. *See In re Refco Inc.*, 505 F.3d 109, 119 (2d Cir. 2007) ("a bankruptcy court's obligation is to determine whether a settlement is in the best interests of the estate") (emphasis omitted); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) (applying "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019); *In re Enron Corp.*, No. 02 Civ. 8489, 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (quotation omitted).

31. In determining whether a proposed compromise and settlement is fair and equitable, a court should consider the following interrelated factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the

14

> experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

*Iridium Operating LLC*, 478 F.3d at 462 (citing *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

32. Settlements and compromises should be rejected only if they fall "below the lowest point in the range of reasonableness." *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009) (stating that Bankruptcy Rule 9019 "does not require a court to conduct a mini-trial to 'decide the numerous questions of law and fact raised . . . but rather to canvass the issues' raised by the parties and decide whether a proposed settlement falls 'below the lowest point in the range of reasonableness'") (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) and *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985)).

### B. Application of Relevant Standards

33. The Trustee's entry into the Settlement Agreements described in this Motion is a sound exercise of the Trustee's business judgment. The Settlement Agreements are the result of arm's-length negotiations and bargaining and, as set forth above, will result in (a) the Trustee recovering $133,850.00 for the Debtor's estate, and (b) the waiver of claims and the rights of certain of the Settling Defendants to file claims under section 502(h) of the Bankruptcy Code.

34. The *Iridium* factors overwhelmingly support approval of the Settlement Agreements as a sound exercise of the Trustee's business judgment. First, the possibility of success in any litigation is uncertain. There can be no assurance that the Trustee would prevail in litigation. As set forth above, the Settling Defendants have asserted various defenses with respect to their cases. While the Trustee has not conceded the validity of certain of these defenses, the

Trustee recognizes that any litigation would be costly, compared with any potential additional recovery from the respective defendants, and entail risk of an unfavorable outcome.

35. The other *Iridium* factors also support approval of the Settlement Agreements. Creditors will benefit from the recovery of the settlement amounts set forth above from the Settling Defendants. The waiver and releases set forth in the Settlement Agreements are narrowly-tailored and the settlements were the product of good-faith, arm's-length bargaining between the Settling Defendants to the adversary proceedings and the Trustee.

36. Accordingly, the Trustee believes that entry into the Settlement Agreements is fair and reasonable to the Debtor, is in the best interests of the chapter 7 estate and creditors and should be approved pursuant to Bankruptcy Rule 9019.

## VI. Notice

37. Notice of the Motion will be given to (a) the Settling Defendants (or their counsel, if applicable), (b) the U.S. Trustee; and (c) parties set forth on the Order Establishing Limited Notice List, dated February 19, 2019 [Docket No. 424]. The Trustee submits that no other or further notice need be provided.

## VII. No Prior Request

38. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) authorizing the Trustee's entry into the Settlements Agreements and approving the Settlement Agreements, substantially in the form attached hereto as **Exhibit I**; and (ii) grant the Trustee such other and further relief as the Court may deem proper.

Dated: New York, New York  
      May 13, 2019

ARCHER & GREINER, P.C.

By: /s/ Jeffrey Traurig  
    Jeffrey Traurig  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: jtraurig@archerlaw.com

*Special Litigation Counsel for*  
*Howard P. Magaliff, Chapter 7 Trustee of*  
*Allways East Transportation, Inc., Debtor*

216420417v1